IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **FERLANDO DORSEY,** | : | |
| Plaintiff, | : | |
| v. | : | Case No. 5:23-cv-00089-TES-CHW |
| **Warden LAWRENCE WHITTINGTON,** | : | |
| Defendant. | : | Proceedings Under 42 U.S.C. §1983<br>Before the U.S. Magistrate Judge |

## ORDER

Before the Court is Defendant Whittington's motion for relief from default that occurred due to operation of law. (Doc. 20). Following screening of Plaintiff Dorsey's complaint, his claims against Defendant were permitted to move forward. (Doc. 9). A waiver of service was issued for Defendant (Docs. 10, 11), but it was returned unexecuted. (Doc. 12). The Court issued an order for personal service (Doc. 13), and Defendant was personally served by the U.S. Marshals Service on August 21, 2023, at a different address than on the original service paperwork. *See* (Docs. 12, 17). Defendant is now in default by operation of law, but a default has not been entered upon the docket. Defendant now seeks to have the default set aside. (Doc. 20).

In the motion, Defendant explains that he is no longer employed with Georgia Department of Corrections (GDC) and that he was served at his current place of employment. (Doc. 20-2, ¶¶ 2-3). He admits that he was aware of the process to request legal representation, but he believed that the Marshals Service had provided the service paperwork to the GDC legal department. (*Id.*, ¶ 4). After not hearing anything from the legal department, Defendant followed-up on September 19, 2023, and discovered that GDC legal had not received any notice of the suit. (*Id.*, ¶ 5). Since

1

that time, he requested representation and has been working with the Georgia Department of Law as his attorney in this case. (*Id.*, ¶¶ 6-7).

Defaults are viewed with disfavor, and there is a "strong policy for determining cases on their merits." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). Rule 55(c) of the Federal Rules of Civil Procedure provides that the Court may set aside any entry of default for "good cause," which generally requires the consideration of factors such as: "whether the default was culpable or willful, whether setting [the default] aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951-52 (11th Cir. 1996).

There is no genuine suggestion on the present record of any culpable conduct by Defendant Whittington, he has raised grounds for a potentially meritorious defense in this action, and there is no indication that Plaintiff will suffer from prejudice by litigating the merits of his claims through the ordinary legal process. Therefore, Defendant Whittington's motion for relief from default (Doc. 20) is **GRANTED**. Defendant is directed to file an answer **within 21 days of the date of this Order**.

**SO ORDERED**, this 9th day of November, 2023.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge