IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **FERLANDO DORSEY,** | : |
| Plaintiff, | : |
| | : Case No. 5:23-cv-89-TES-CHW |
| v. | : |
| Warden **LAWRENCE WHITTINGTON,** | : |
| | : Proceedings Under 42 U.S.C. § 1983 |
| Defendant. | : Before the U.S. Magistrate Judge |

# ORDER

Pending before the Court are three motions from *pro se* Plaintiff Ferlando Dorsey, a motion to amend (Doc. 26), a motion for appointment of counsel (Doc. 27), and a motion to compel discovery (Doc. 27).

*Motion for Leave to File Amended Complaint (Doc. 26)*

Pending before the Court is Defendant Whittington's motion to dismiss alleging a failure to exhaust. (Doc. 22). Plaintiff has since filed a motion to amend, which was docketed as a motion for leave to amend his complaint. (Doc. 26). The motion appears to supplement or further explain the grievance and exhaustion questions found in a standard 1983 form in response to Defendant's failure to exhaust claim. To the extent that Plaintiff's motion to amend supplements his complaint, his motion to amend (Doc. 26) is **GRANTED**. It is unclear, however, whether this motion was also meant to serve as Plaintiff's response to Defendant's motion to dismiss. If Plaintiff intends to respond to Defendant's motion to dismiss beyond what he has included in his motion to amend, his

response is due by <u>January 19, 2024</u>.

*Motion for Appointment of Counsel (Doc. 27)*

Plaintiff seeks the appointment of counsel to represent him concerning this case filed under 42 U.S.C. § 1982. (Doc. 27). No right to counsel exists in a civil case. *Wahl v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986). Rather, the appointment of counsel is a privilege justified only by exceptional circumstances. *Id.* In deciding whether legal counsel should be appointed, the Court considers, among other factors, the merits of Plaintiff's claims and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).[1]

In accordance with *Holt*, and upon a review of the record in this case, the Court notes that Plaintiff has set forth the essential factual allegations underlying his claims and the applicable legal doctrines are readily apparent. As such, Plaintiff's request for appointment of counsel (Doc. 27) is **DENIED**. Should it later become apparent that legal assistance is required to avoid prejudice to Plaintiff's rights, then the Court, **on its own motion**, will consider assisting Plaintiff in securing legal counsel at that time.

*Motion to Compel Discovery (Doc. 28)*

Plaintiff has also filed a motion to compel discovery (Doc. 28), in which he seeks video footage, medical records, and other documentation relating to his claims. Discovery has been stayed in this case, except for matters relating to exhaustion, pending the outcome

---

[1] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See* <u>Mallard v. U.S. Dist. Ct. for Southern Dist. Of Iowa</u>, 490 U.S. 296 (1989).

of Defendant's motion to dismiss. (Doc. 25). Even if Plaintiff had complied with the necessary procedures prior to filing a motion to compel, the items in Plaintiff's motion do not concern any documents related to exhaustion. Defendant is not obligated to answer these discovery requests at this time. Accordingly, Plaintiff's motion to compel (Doc. 28) is **DENIED as moot**.

    **SO ORDERED**, this 2nd day of January, 2024.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge